RECEIVED
IN ALEXANDRIA, LA
APR 21 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Michael Hill | DOCKET NO. 1:06 cv 0070 |
| | SECTION P |
| VS. | JUDGE D. DRELL |
| Richard Stalder, ET AL. | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff,**Michael Hill**, ("Plaintiff"). Plaintiff is currently confined at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on January 26, 2006. [Rec. Doc.3]. Plaintiff names as defendants:La Department of Public Safety and Corrections; Richard Stalder; Winn Correctional Center; Mickey Hubert; Tommy Glover.

### Statement of Case

Plaintiff asserts he was confined in segregation and held past his release date in violation of the Due Process Clause of the fourteenth Amendment to the U.S. Constitution, and in violation of the Eighth Amendment to the U.S. Constitution. On approximately April 10, 1999, plaintiff was placed in adminstrative segregation, charged and convicted of the rule violation of "threat to security", which resulted in the

forfeiture of 180 days good time. Subsequently, Plaintiff appealed the decision and the Department of Public Safety and Corrections restored plaintiff's 180 days foreiture of good time, and expunged the offense of "threat to security" from plaintiffs record.

Accordingly, Plaintiff seeks monetary compensation for the extra 90 days he spent past his release date and the loss 180 days forfeiture of good time.

## LAW AND ANALYSIS

### Frivolity Review

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty

to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of

Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**Due Process in the Disciplinary Process**

To the extent Plaintiff contends he was punished without due process, that claim is not cognizable.

In *Sandin v. Connor*, 515 U.S. ___, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. *Id.* 132 L.Ed.2d at 431. Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. kyle, 65 F. 3d 29, 31-32 ( 5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time

rather than the quality of time served by a prisoner. Madison V. Parker, 104 F. 3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S. Ct. at 2297.

Plaintiff in the instant case does not allege that the disciplinary action affected the duration of his sentence since the forfeited 180 days of good time were restored or that the disciplinary sentence was atypical of the prison environment. To the contrary, Plaintiff's allegations concern changes in the condition of confinement which are far from extraordinary.[Doc. 1 pg. 5] Thus, under Sandin, Orellena and Madison, placement on extended lockdown does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns. Hence, Plaintiff's claim that he was punished without due process of law is without merit.

**Claim for damages due to overturned disciplinary Action**

The Plaintiff was charged and convicted of the rule violation of "threat to security". The charge resulted in the forfeiture of 180 days good time. The Plaintiff was held on extended lockdown pending transfer for a period of 90 days due to the conviction. Subsequently, the Department of Public Safety and Corrections restored plaintiff's 180 days forfeiture of good time, and expunged the offense of "threat to security" from plaintiff's record.

Plaintiff makes no claim that his **forfeited good-time**

credits were not **restored** when the disciplinary action was reversed. Therefore, he has already received all of the relief to which he is entitled. Under the Prison Litigation Reform Act of 1995, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Absent a showing of physical injury resulting from the overturned disciplinary action, Plaintiff cannot recover monetary damages for any emotional pain and suffering. Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir.2001).

For the above reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint under 42 U.S.C. §1983 should be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 19th day of April, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE