U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAY 26 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL HILL, <br> Plaintiff | CIVIL ACTION <br> SECTION "P" <br> NO. CV06-0070-A |
| VERSUS | |
| RICHARD STALDER, et al., <br> Defendants, | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Michael Hill ("Hill") on January 9, 2006. The named defendants are the Louisiana Department of Public Safety and Corrections ("DPS&C"), Secretary Richard Stalder, Mickey Hubert ("Hubert") (former warden of the Winn Correctional Center ("WCC") in Winnfield, Louisiana), and Tommy Glover ("Glover") (assistant chief of security at WCC).

Hill complains that, while he was incarcerated in the WCC in 1999, he charged with being a "threat to security," found guilty by a disciplinary board, sentenced to lose 180 days good time, and placed in administrative segregation for ninety days. Hill unsuccessfully challenged the disciplinary board's conviction and sentence through the prison administrative remedies, then filed a complaint in state court in 2001; in 2004, the state court judge granted a stay of the case in order to allow the parties to resolve the matter. To resolve the matter, the Department of Public Safety and Corrections agreed to restore Hill's 180 days of good time and

expunge the conviction from Hill's record. Hill's state court lawsuit was dismissed as moot in May 2005. Hill then filed this suit in federal court, contending that, as a result of being placed in administrative segregation, he was detained ninety days beyond his release date, lost his placement in a "residency plan," and lost his planned job placement. According to Hill's objections to the original report and recommendation (Doc. Item 5), the "release date" he refers to was for release on parole,[1] which was apparently delayed ninety days. Hill's release on good time/parole/work release was revoked in 2000 when he committed a new felony offense and Hill was re-incarcerated. See Hill's DPS&C master records at Doc. Item 1, Exs. F-1 & F-2.[2]

For relief, Hill asks for monetary damages for loss of income, mental anguish, and loss of liberty, as well as punitive damages.

### Law and Analysis

#### Louisiana DPS&C

Hill named the Louisiana DPS&C as a defendant. However, the Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. The Fifth Circuit has

---

[1] In the original report and recommendation, it was assumed that Hill was released upon completion of his sentence.

[2] According to Hill's DPS&C master records (Doc. Item 1-4, Exs. F-1 & F-2), Hill was originally convicted and sentenced in 1984, his probation was revoked in 1987, and he was released on good time/parole/work release which was subsequently revoked for commission of new felony offenses in 1993, 1997, and 2000. Hill earned good time while imprisoned but, as stated above, lost 180 days good time on the charge of "threat to security." The 180 days good time was subsequently restored to Hill.

established six factors for determining whether a particular entity is entitled to Eleventh Amendment immunity: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity exercises; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988).

It has already been held that the Louisiana Department of Public Safety Corrections is an arm of the State of Louisiana and is entitled to Eleventh Amendment immunity. Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). See also, Rogers v. Department of Corrections, 263 F.3d 163 (5th Cir. 2001), citing Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999); Loya v. Texas Dept. of Corrections, 878 F.2d 860 (5th Cir. 1989). Since the Louisiana Department of Public Safety and Corrections is absolutely immune from suit due to the Eleventh Amendment, Hill's action against the DPS&C should be dismissed with prejudice.

Richard Stalder

Hill alleges Stalder is liable, as Secretary of the Louisiana Department of Corrections, because he "allowed his conviction of the offense to stand, which caused plaintiff to be detained 90 days

past his release date in administrative segregation" (Doc. Item 1-5). Hill is apparently suing Stalder in his official capacity.

The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest. The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief. Aguilar v. Texas Dept. of Criminal Justice. 160 F.3d 1052, 1054 (5th Cir. 1998), cert. den., 528 U.S. 851, 120 S.Ct. 130 (1999). Neither a state nor its officers acting in their official capacities are "persons" under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362, 116 L.Ed.2d 301 (1991). However, in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908), the Supreme Court made an exception to the Eleventh Amendment. To meet the Ex Parte Young exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. Aguilar, 160 F.3d at 1054.

In the case at bar, Hill seeks monetary damages against Stalder in his official capacity as Secretary of the DPS&C. Therefore, Stalder is entitled to absolute immunity from a suit for damages in his official capacity.

It is noted, however, that to the extent Hill may claim he also seeks monetary damages against Stalder in his personal capacity, Hill has not alleged or shown any facts which indicate Stalder had personal knowledge of or involvement in Hill's case. In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). Also, Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7, 89 L.Ed.2d 271 (1986). Since Hill has not alleged or offered any proof of any act or omission by Stalder which constituted a violation of Hill's civil rights, Hill's action for damages against Stalder in his personal capacity should be dismissed without prejudice.

Delay of Release on Parole/Work Release

Finally, Hill contends Warden Hubert and Security Chief Glover are liable to him for "convicting and arbitrarily sentencing plaintiff for the offense of 'threat to security'" and for allowing the conviction to stand.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. However, there is no constitutional right to release on parole. The Louisiana Supreme

Court stated in Bosworth v. Whitley, 627 So.2d 629, 633 (La. 1993), "it is apparent that the Louisiana parole statutes do not create an expectancy of release or liberty interest in general." There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 422 U.S. 1, 7, 95 S.Ct. 2016 (1979). Also, Sinclair v. Kennedy, 96-1510 (La. App. 1st Cir. 9/19/97), 701 So.2d 457, 458, writ den., 1997-2495 (La. 4/3/98), 717 So.2d 745; Merit v. Lynn, 848 F.Supp. 1266, 1272 (W.D.La. 1994)("The Louisiana Parole Board is given discretion not only in determining whether the listed prerequisites are met but also in determining whether parole release should be granted even if the prerequisites are satisfied. ...The statute creates a hope of release but it does not create a legitimate expectation of release. Accordingly, this court concludes that Merit does not have a liberty interest in parole protected by the Fourteenth Amendment.").

Therefore, Hill's claim that he spent an additional ninety days in prison beyond his projected date for release on parole does not state a claim for violation of his constitutional rights cognizable under Section 1983. Since Hill has not alleged a claim cognizable under Section 1983, his action should be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that

Hill's action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of May, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE